IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALAN DOERING
(ADC#106115)                                                                                    PLAINTIFF

V.                        Civil No. 2:14-cv-02031-PKH-MEF

SHERIFF BILL HOLLENBECK;
DR. WILLIAM HAYES; TIM GRANT;
NURSING DIRECTOR CINDY MOORE;
ANA BAZAR; OFFICER JOHN SCHUCH
                                                                                              DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This civil rights action was filed by Plaintiff, Alan Doering, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Arkansas Department of Corrections ("ADC") Ouachita River Unit. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3)(2011), the Honorable P. K. Holmes III, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is a Summary Judgment Motion from Defendant, Tim Grant. (Doc. 46) After careful consideration, the undersigned makes the following Report and Recommendation.

**I.     BACKGROUND**

Plaintiff's Complaint documents concern about his treatment as a pretrial detainee in the Sebastian County Detention Center ("SCDC"). (Docs. 1, 17) Plaintiff filed his Complaint in the

1

Eastern District of Arkansas on February 7, 2014. (Doc. 1)  His Complaint was properly transferred to this District on February 11, 2014.  (Doc. 3)  Plaintiff filed a Supplement to his Complaint on May 16, 2014. (Doc. 17)  Defendant Grant filed his Summary Judgment Motion on January 8, 2015. (Doc. 46)  Plaintiff filed a Response on January 22, 2015. (Doc. 50)  Defendant Grant filed a Reply on January 27, 2015.  (Doc. 52)

Plaintiff seeks monetary damages.  (Docs. 1, 17)

## II.     LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).  The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  The Court must view all evidence and inferences in a light most favorable to the nonmoving party.  *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012).  However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

Plaintiff alleges the following claims: 1) Defendants were deliberately indifferent to his serious medical needs when they denied him his HIV medication for two weeks; 2) he was kept in unconstitutional conditions of confinement when he was stripped naked, placed in a "flak jacket," and forced to stay in a rubber suicide watch room with no clothes, mattress, or blanket for two weeks because he asked for his HIV medication and filed grievances to get it; 3) he received only bologna sandwiches for two weeks and was ill due to the conditions after the first week of this confinement; 4) the mental health doctor was deliberately indifferent because he refused to help him or "get him out of this barbaric treatment;" and, 5) he contracted Hepatitis C after a mentally disturbed and bleeding inmate was placed into the suicide watch room with him, attempted to rape him, and he got blood in his mouth during the altercation. (Docs. 1, 17)

Defendant Grant is the "mental health doctor" referenced in Plaintiff's Complaint. He argues Summary Judgment is proper because Plaintiff has not provided any evidence to establish any deliberate indifference on his part.

"Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976); *Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir.1978) (per curiam) (respondeat superior theory does not apply in § 1983 suits)).

In his Affidavit, Defendant Grant stated he is a Licensed Drug and Alcohol Abuse Counselor ("LADAC") and Mental Health Paraprofessional ("MHPP"). He is an employee of Western Arkansas Counseling and Guidance Center ("WACGC"). (Doc. 46-1, p. 1) He was present at SCDC pursuant to a Memorandum of Understanding ("Agreement") between WACGC and SCDC.

3

This Agreement permits WACGC staff to "meet with any inmates approved for discussing issues." (Doc. 46-1, p. 4) Under the Agreement, "[a]ll treatment recommendation will be provided to detention center medical staff for consideration of treatment options." (Doc. 46-1, p. 4)

Based on his Affidavit and the Agreement, Defendant Grant did not have the license to prescribe HIV medication or the authority to require changes in Plaintiff's housing at SCDC. At most, he could make recommendations to the SCDC medical staff. Thus, Defendant Grant did not have a causal link to or responsibility for Plaintiff's alleged deprivation of rights.

In his Response, Plaintiff argues Defendant Grant was going to have him sign an affidavit that he was not having suicidal thoughts, but Grant was pulled aside by an officer, and then did not have him sign it. Plaintiff argues this shows Defendant Grant had the authority to have Plaintiff released from the suicide cell. (Doc. 50) This is blatantly contradicted by the Agreement terms. While Defendant Grant could have recommended he be released, he did not have the authority to require that release. Plaintiff's argument is essentially that he should be held liable for not making a recommendation which SCDC was not bound to follow. This does not demonstrate a causal link.

Further, based on Plaintiff's deposition testimony, there is nothing about the brief meeting he had with Defendant Grant to suggest any deliberate indifference. Plaintiff testified he met with Defendant Grant for 10 - 20 minutes. He testified he gave Defendant Grant information concerning his family so his mother could be contacted to bring his HIV medications. He testified an SCDC employee called his mother while he was with Defendant Grant. He testified he received his medication within a few hours of meeting with Defendant Grant. He testified he did not meet with Defendant Grant again. (Doc. 46-2, pp. 3-5) Thus, rather than being in any way deliberately indifferent, it appears Defendant Grant went out of his way to aid Plaintiff in working with SCDC

4

employees to effectuate the drop-off of his HIV medication.

## IV. CONCLUSION

For the foregoing reasons, I recommend Defendant Grant's Motion for Summary Judgment (Doc. 46) be **GRANTED** and that he be dismissed from this action with prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of July 2015.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE